IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ANDRIETTE ROWELL** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **Civil Action No.:** ~~2:07-CV-~~ |
| | ) |
| | ) 3:07CV475-WHA |
| **CITY OF AUBURN ALABAMA** | ) |
| **JUDGE JOE BAILEY** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |

## COMPLAINT

**COMES NOW,** Plaintiff Andriette Rowell, by and through undersigned counsel, and for want of prosecution say as follows:

### I.

### NATURE OF THE ACTION

1.    This is an action seeking redress from unlawful employment practices, specifically discrimination based on race, gender, and retaliation committed against the plaintiff by the defendant.  Plaintiff seeks a declaratory judgment, pursuant to the provisions of Title 28 U.S.C. Sec. 2201, declaring the rights and relations of the parties as follows:

(a)    That the actions of the defendant against the plaintiff regarding the terms and conditions of her employment and the defendants' employment practices are motivated by discrimination grounded on her gender, race, and retaliation so as to contravene rights secured unto her pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution

as enforced by 42 U.S.C. §§ 1981, 1981(a), 1983 and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.  That the actions of the defendant in: (a) ) promoting, hiring or otherwise placing Mr.  Bass, on or about August  2005 in the position of Assistant Court Administrator/Court Clerk for the City of Auburn Municipal Court; and (b) mandating that the plaintiff ; and , are in retaliation for the plaintiff having petitioned this court for redress in the filing of this lawsuit against the defendant and a violation of the plaintiff's constitutional rights as enforced by Title 42 U.S.C. § 1983 and the Civil Rights Act of 1964, as amended.

(b)      This action also seeks mandatory, preliminary and permanent injunctions requiring the defendant to refrain from engaging in race and gender discrimination against African-Americans and other minorities, such as women and African-Americans (blacks/negroes) in its employment practices and that the defendant be enjoined from engaging in acts of retaliation, harassment and/or other tactics whose purpose or aim is to create a hostile work environment against the plaintiff, including, but not limited to, taking any punitive and disciplinary actions against the plaintiff, and hiring, placing or promoting Mr.  Bass or anyone to the position of Assistant Court Administrator/Court Clerk pending a final adjudication of this lawsuit .  Further, the plaintiff seeks all rights to back pay, interest, allowances, seniority, and retirement benefits to which she would have been entitled had she not been victimized by the defendants' discriminatory conduct. Plaintiff also seeks compensatory damages and equitable relief for the unlawful practices committed by the defendant against her, plus a reasonable award of attorney fee and costs, pursuant to Title 42 U.S.C. §§ 1981, 1981(a), 1983 and 1988.

2

## II.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiff pursuant to the laws and Constitution of the United States of America, namely the First and Fourteenth Amendment, as enforced by The Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1981(a), 1983 and Title VII of the Civil Right Act of 1964, as amended by the Civil Rights Act of 1991, Title 42 U.S.C. § 2000e, *et seq*.,.

3.      Venue is appropriate pursuant to Title 28 U.S. C. § 1391(b).

## III.

## THE PARTIES

4.      Plaintiff Andriette Rowell is an African-American (black) female.  She is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama, residing in Lee County, Alabama.  At all times material hereto, the plaintiff is employed with the City of Auburn Municipal Court. She is assigned to the City of Auburn Municipal Court in the capacity of Assistant Court Clerk.

5.      Defendant City of Auburn, is located in Auburn, Alabama. At all times material hereto, Defendant is charged with the duties and responsibilities of operating the Municipal Court, including, but not limited to, making employment and personnel decisions for said entity. The City of Auburn Municipal Court is under the control and operation of the City of Auburn. Defendant is subject to suit under the laws and Constitution of the United States as enforced by 42 U.S.C. §1983.  All actions complained of by Defendant were committed while acting under

3

color of state law and said actions deprived the plaintiff of a right and/or privilege secured by the Constitution or laws of the United States.

6.    Defendant Judge Joe Bailey is over the age of nineteen (19) years, a citizen of the United States and a resident of Lee County, Alabama. Defendant Bailey is the duly appointed Municipal Judge for the City of Auburn.   At all times material hereto, Defendant Bailey is charged with the duties and responsibilities of presiding over the Municipal Court operating the Municipal Court Department, including, but not limited to, making employment and personnel decisions for said entity. The Auburn Municipal Court is under the control and operation of Judge Bailey and the city of Auburn. Defendant Bailey is sued in his individual and official capacities. Defendant Bailey is subject to suit under the laws and Constitution of the United States as enforced by 42 U.S.C. §1983. All actions complained of by Defendant Bailey were committed while acting under color of state law and said actions deprived the plaintiff of a right and/or privilege secured by the Constitution or laws of the United States.


## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

7.    Plaintiff avers that she has filed a charge of discrimination and retaliation with the Birmingham District Office of the United States Equal Employment Opportunity Commission (EEOC), alleging that the defendant has deprived her of rights secured to her pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  §2000e, et seq.. Plaintiff has received a cause finding on the charge discrimination. EEOC has issued a notice of right to sue with respect to the retaliation claim and the Plaintiff is awaiting her right to sue letter with

respect to the charge of discrimination. Both the charge of discrimination and retaliation arise from the same nucleus of operative facts. At this time Plaintiff seeks leave to invoke this court's jurisdiction to exercise her right to sue pertaining to the retaliation claim and subsequent hereto the Plaintiff, with the court's permission, will amend her complaint upon receipt of the notice of right to sue pertaining to the discrimination claim.

## V.

## ALLEGATIONS OF FACT

8.    Plaintiff Andriette Rowell is a member of protected class as she is an African-American, (historically, her racial make-up has been referred to as black or negro). The plaintiff is of the female gender.

9.    The plaintiff was hired by Defendant City of Auburn in April 1990, as a Municipal Court Magistrate. In 1996, she was hired as Assistant Court Clerk. At all times material hereto, the plaintiff is employed in the capacity of Assistant Court Clerk.

10.    In June 2005, the position of Court Clerk became vacant when Katie Cox resigned. Mrs. Cox last served as Court Clerk on or about August 31, 2005, but remained until December 2005 training her replacement, Brad Bass.

11.    Brad Bass is a white male. He was a police officer with the City of Auburn before he was hired to replace Katie Cox. He currently holds the position of Assistant

5

Administrator/Court Clerk.

12.    On or about late June 2005, Plaintiff Rowell heard rumors that Brad Bass told

other police officers that he would replace Katie Cox.

13.    After the job vacancy was announced, Plaintiff Rowell learned that Mr. Bass had

applied for the position and that the job classification, title and salary had changed.

14.    The job title was changed from Court Clerk to Assistant Administrator/Court

Clerk. The classification Designation changed from Non-exempt to Exempt.  The pay grade

changed from Pay Grade 18 to an Unclassified Pay Grade with a pay scale of $4, 583.33- $4,

791.66 per month. These changes were made effective July 22, 2005.

15.    On or about July 26, 2005, Plaintiff Rowell applied for the position of Assistant

Court Administrator/Court Clerk.

16.    Although they see each other practically every day, Judge Bailey never

acknowledged her application.

17.    On or about August 5, 2005, Plaintiff Rowell heard rumors that Judge Bailey

would announce on Monday that he had hired Mr. Bass for the position of Assistant Court

Administrator/Court Clerk.  Plaintiff Rowell went to Judge Bailey and asked him if it were true

that he was giving Mr. Bass the job.  He did not affirm or deny it.  He only said that he would be

interviewing the coming Monday and Tuesday.  By Tuesday, Judge Bailey had conducted no

interviews.  Plaintiff Rowell inquired as to when he would interview her. Judge Bailey told her

that he would interview her Wednesday or Thursday.  That Monday, Plaintiff Rowell had learned

that Judge Bailey had not planned on interviewing her. He was just going to give the job to Mr.

Bass.  However, after Plaintiff Rowell approached Judge Bailey about an interview, he consulted

with Human Resources who advised him it would be in his best interest to at least conduct interviews.

18.     Plaintiff avers that Judge Bailey did not open the position of Assistant Administrator/Court Clerk until he was advised to do so by Human Resources, notwithstanding having knowledge of her interest in the position.

19.     On or about Thursday, August 11, 2005, Judge Bailey interviewed Plaintiff Rowell. During the interview, Judge Bailey told Plaintiff her education did not mean anything and that it counted against her.  He stated that the position did not require an education, it only required training.  Plaintiff Rowell recited her education and work experience within the department and how her qualifications would benefit the department. Judge Bailey then began to question her about an FBI investigation regarding a ticket fixing scheme.  Plaintiff Rowell had never been the subject of any investigation. Plaintiff Rowell realized that such allegations could jeopardize her job. Plaintiff Rowell also realized that Judge Bailey  had the authority to fire her and therefore, told Judge Bailey that the decision was his to make, and requested that he give the job to the most qualified person.

20.     Judge Bailey later told the Plaintiff that he had only discussed changes he was thinking about making to the job with Mr. Bass.  Mr. Bass expressed an interest in the job, but told him he would not consider taking the job unless the pay increased.  Judge Bailey  had never discussed changes to the position with those who work in the court department.

21.     On or about September 1, 2005, Mr.  Bass started in the position as Assistant Court Administrator/Court Clerk.

22.     The previous Court Clerk, Katie Cox, trained Mr.  Bass from September 2005

through December 2005.

23.    Mr. Bass's position prior to being appointed Assistant Court Administrator/Court Clerk was that of Police Officer with the City of Auburn. Bass is a white male.

24.    Plaintiff avers that since the filing her charge of discrimination, she has been subjected to a hostile environment, actions of harassment, retaliation and intimidation by the defendant. More specifically, on Plaintiff Rowell's 2005-2006 Performance Appraisal, Mr. Bass indicated that in the area of supervision of Magistrates, Plaintiff Rowell barely met the job requirements. Prior to this performance appraisal, Mr. Bass never indicated that there was a problem with her job performance. Plaintiff avers that there is no truth to the defendant's allegations and they are a pretext for retaliation, harassment and intimidation against her because of her having filed an EEOC charge against the defendant.

25.    Mr. Bass also requires that if he is out of the office, Plaintiff Rowell is to call him at home to check in with him. Plaintiff avers that he has not imposed this requirement on any other employee. Plaintiff avers that he did this in retaliation, harassment, intimidation and discrimination against her because of her having filed an EEOC charge against the defendant.

## VI.

### FIRST FEDERAL CAUSE OF ACTION

*Employment Discrimination: Denial of Equal Protection, Fourteenth Amendment;*

26.    Plaintiff Andriette Rowell adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-five (25) of this complaint, as if the same were fully set forth herein and further say:

27.    That the Plaintiff has been discriminated against and treated differently than white employees solely because of her race, African-American (black), and gender, female. Plaintiff avers that her rights to equal protection under the Fourteenth Amendment to the United States Constitution as enforced by Title 42 U.S.C. §1983, have been violated by Defendant. This treatment by the defendant has affected the terms and conditions of the plaintiff's employment. The motivating factors articulated to the plaintiff by the defendant as to why she has been denied the position of Assistant Court Administrator/Court Clerk was because of gender and evidently, her race. At all times material hereto, the defendant's discriminatory conduct as complained of herein was committed while acting under color of state law and said conduct deprived the plaintiff of a right and/or privilege secured to her by the Constitution or laws of the United States, as enforced by Title 42 U.S.C. §1983.

28.    The effect of the defendant's unlawful employment practices has been to limit and discriminate against the plaintiff in ways that result in a deprivation of equal employment opportunities. The plaintiff's status as an employee with the defendant has been adversely affected because of her gender and race, in violation of The Fourteenth Amendment's Equal Protection Clause and The First Amendment to the United States Constitution, as enforced by Title 42 U.S.C. § 1983.

29.    Plaintiff avers that she is a victim of the defendant's unlawful employment practices and she will continue to be unlawfully deprived of her rights and suffer damages, including, but not limited to, loss income, wages, benefits, seniority, and other monetary and non-monetary benefits due to her, in sums to be proved at trial.

30.    Plaintiff avers that she has suffered loss income, embarrassment, humiliation,

mental distress and emotional anguish as a direct and proximate cause of the defendant's discriminatory and unlawful conduct.

31.     Plaintiff avers that she has no plain adequate or complete remedy at law to correct the defendant's unlawful employment practices and the injunctive and other equitable relief she seeks are her only means of securing full relief from these practices. The plaintiff is now and will continue to suffer irreparable harm from the defendant's unlawful employment practices as set forth herein, unless enjoined by this Court.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands that she be afforded equal opportunity for consideration of the position of Assistant Court Administrator/Court Clerk, compensatory damages, back pay, reinstatement, other back employment benefits, attorney fees, costs and any other relief to which plaintiff may show herself to be justly entitled as determined by this court, including prospective injunctive relief enjoining the defendant from continuing discriminatory and retaliatory conduct as set forth in this complaint.

## VII.

## SECOND FEDERAL CAUSE OF ACTION

### *Violation of 42 U.S.C. § 1981 and § 1981(a)*

Plaintiff Andriette Rowell, adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through thirty-one (31) of this complaint, as if the same were fully set forth herein and further say:

32.     Defendant's unlawful discriminatory employment practices  as complained of herein by the plaintiff has deprived the plaintiff of her right to make, modify, perform, enter, and

10

enforce contracts to the full and equal benefits as that enjoyed by defendant's white employees, in violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1981(a).

33.    Pursuant to 42 U.S.C. § 1981(b), the plaintiff may seek relief from this court where as here plaintiff avers that the defendant has engaged in intentional racial discrimination in ". . . the making, performance, modification and termination of [her employment] contracts" as well as ". . . the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

34.    Plaintiff avers that she has no plain adequate or complete remedy at law to address the defendant's unlawful employment practices as alleged in this complaint and the injunctive, declaratory and other relief she seeks, including compensatory and punitive damages are her only means of securing full relief from these practices. The plaintiff is now and will continue to suffer irreparable harm from the defendants' unlawful employment practices as set forth herein, unless enjoined by this Court.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands damages, compensatory and punitive, and any other relief to which plaintiff may show herself to be justly entitled as determined by this court, including but not limited to an award for her attorney fees, costs and expenses in bringing this action.

## VIII.

## THIRD FEDERAL CAUSE OF ACTION

### *Retaliation, Hostile Work Environment*

Plaintiff Andriette Rowell adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through thiry-four (34) of this complaint, as if the same were

11

fully set forth herein and further say:

35.    That the plaintiff avers that she as a direct and proximate result of her having exercised her right under the laws and Constitution of the United States in petitioning this court for redress by filing this civil action, the defendant has now embarked upon a course of action for no other purpose but to retaliate against her and to subject her to harassment, intimidation and a hostile work environment. On Plaintiff Rowell's 2005-2006 Performance Appraisal, Mr. Bass indicated that in the area of supervision of Magistrates, Plaintiff Rowell barely met the job requirements. Prior to this performance appraisal, Mr. Bass never indicated that there was a problem with her job performance. Plaintiff avers that there is no truth to the defendant's allegations and they are a pretext for retaliation, harassment and intimidation against her because of her having filed an EEOC charge against the defendant.

36.    Mr. Bass also requires that if he is out of the office, Plaintiff Rowell is to call him at home to check in with him. Plaintiff avers that he has not imposed this requirement on any other employee. Plaintiff avers that he did this in retaliation, harassment and intimidation against her because of her having filed an EEOC charge against the defendant. The plaintiff has never been subjected to any such disciplinary action or adverse performance evaluation prior to the filing of this action.

37. The plaintiff avers that the effect of defendant's retaliation against her has been to deprive the plaintiff the right to oppose unlawful discriminatory practices, all in violation of her rights as secured, protected and guaranteed by the laws and Constitution of the United States, as enforced by Title 42 U.S.C. §§ 1981 and 1983 and § 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) (1976).

12

38.     As a further consequence and effect of the defendant's unlawful discriminatory conduct and practices, the plaintiff avers that she has suffered damages, specifically loss income and other compensation and benefits.

39.     The plaintiff has suffered embarrassment, humiliation, mental anguish, mental distress, emotional pain and anguish, harassment and hostile work environment as a direct and proximate consequence of the defendants' discriminatory, retaliatory and unlawful conduct and actions.

40.     Plaintiff avers that she has no plain adequate or complete remedy at law to address the defendants' unlawful employment practices as alleged in this complaint and that she seeks injunctive, declaratory and other relief, including compensatory damages and the same are her only means of securing full relief from said unlawful employment practices. The plaintiff is now and will continue to suffer irreparable harm from the defendant's unlawful employment practices as set forth herein, unless enjoined by this Court.   The defendant is due to be enjoined from its acts of retaliation, intimidation, harassment and its creation of a hostile work environment, including.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages and equitable relief, plus any other relief to which plaintiff may show herself to be justly entitled as determined by this court, including, but not limited to, an award for his attorney fees, costs and expenses in bringing this action.

## IX.     FOURTH FEDERAL CAUSE OF ACTION

*Employment Discrimination: Title VII, Civil Rights Act of 1964,*
*as amended, 42 U.S.C.  §2000e, et seq..*

13

Plaintiff Andriette Rowell adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through thirty-one (31) of this complaint, as if the same were full y set forth herein and further say:

41.    That she has been discriminated against by the defendant and treated differently than white male employees because of her race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and conditions of the plaintiff's employment, resulting in her being denied promotion to the position of Assistant Court Administrator/Court Clerk. Further, the plaintiff avers that the defendant has subjected her to retaliatory action because she has opposed the defendant's discriminatory employment practices.

42.    Plaintiff avers that she has suffered embarrassment, humiliation, mental distress and emotional anguish as a consequence of the defendant's discriminatory and unlawful conduct.

43.    Plaintiff avers that defendant's discriminatory conduct against her was reckless and willful, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages, compensatory and punitive, back pay, instatement to the position of Assistant Court Administrator/Court Clerk, other back employment benefits, attorney fees, costs and any other relief to which plaintiff may show herself to be justly entitled as determined by this court.

### PRAYER FOR RELIEF

Plaintiff prays that this court will: (a) issue a declaratory judgment that the defendant's action, policies, practices and procedures complained of herein have violated the rights of the

plaintiff as secured by the First and Fourteenth Amendment to the United States Constitution as enforced by Title 42 U.S.C. §§ 1981 and 1983; (b) grant the plaintiff, preliminary and permanent injunction enjoining the defendant from continuing to violate the plaintiff's rights, including, but not limited to, his subjecting the plaintiff to punitive disciplinary measures; (c) enter an order requiring the defendant to make the plaintiff whole by granting appropriate declaratory and injunctive relief, back pay, front pay plus interest, the reasonable value of all benefits lost, as well as compensatory damages; (d) award plaintiff her reasonable attorney fees, costs and expenses; (e) award the plaintiff all other relief to which this court deems appropriate, equitable and just, including, but not limited to, instatement and compelled promotion to the position of Assistant Court Administrator/Court Clerk for the City of Auburn, Alabama.

Respectfully submitted,

Sandra H. Lewis (LEWO21)

Karen Mastin Laneaux (MAS027)

THE LAW OFFICE OF SANDRA LEWIS, P.C.
P.O. Box 686
Montgomery, AL 36101
334.269.5930
334.269.5931 fax

**OF COUNSEL:**

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street
Post Office Box 1973
Montgomery, Alabama 36102
Telephone: (334) 265-3333
Telecopier: (334) 265-3411

15