IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDRIETTE ROWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number 3:07-CV-475-WHA |
| ) | |
| CITY OF AUBURN, ALABAMA ) | |
| JUDGE JOE BAILEY, ) | |
| ) | |
| Defendants. ) | |

# ANSWER

COME NOW the Defendants and herewith give Answer as follows:

## I.
## NATURE OF THE ACTION

1. Defendants deny the allegations of paragraph 1 of the Complaint.

## II.
## JURISDICTION AND VENUE

2. Defendants deny the allegations of paragraph 2 of the Complaint.

3. Defendants admit their venue is appropriate.

## III.
## THE PARTIES

4. On information and belief, Defendants admit Plaintiff is an African-American (black) female; Defendants admit she is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama, residing in Lee County, Alabama; Defendants admit at all times material she is employed with the City of Auburn and assigned to the City of Auburn Municipal Court in the capacity of Assistant Court Clerk;

1

otherwise, Defendants deny the allegations of paragraph 4.

5. Defendant City of Auburn admits it is a municipal corporation located in Auburn, Alabama; otherwise, Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6. Defendants admit that Judge Joe Bailey is over the age of 19 years, a citizen of the United States, a resident of Lee County, Alabama; and a duly-appointed municipal judge for the City of Auburn; otherwise, Defendants deny the allegations of paragraph 6 of the Complaint.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Defendants deny the allegations of paragraph 7 of the Complaint.

## V.
## ALLEGATIONS OF FACT

8. Defendants admit that Plaintiff is an African-American female; otherwise, they deny the allegations of paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff was hired in April, 1990 as a Municipal Court Magistrate and promoted in 1996 to Assistant Court Clerk; otherwise, Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants admit that the position of Court Clerk became vacant and that Ms. Cox resigned as of August 31, 2005; otherwise, Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants admit that Brad Bass is a white male who was a police officer before being appointed Assistant Administrator/Court Clerk.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants admit on or about September 1, 2005 Mr. Bass started in the position of Assistant Administrator/Court Clerk.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants admit prior to being appointed to the position of Assistant Administrator/Court Clerk, Mr. Bass, a white male, was a detective with the Auburn Police Department, who had served as Warrant Officer for the Court.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants admit Mr. Bass requires if he is out of the office, all employees to call him if they are not going to be at work; otherwise, Defendants deny the allegations of paragraph 25 of the Complaint.

## VI.
## FIRST FEDERAL CAUSE OF ACTION
*Employment Discrimination: Denial of Equal Protection, Fourteenth Amendment*

26. Defendants adopt by reference and incorporate in this cause of action, the responses to paragraphs 1-25 of this Complaint as if the same was fully set forth herein.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

Defendants further deny Plaintiff is entitled to any relief.

### VII.
### SECOND FEDERAL CAUSE OF ACTION
*Violation of 42 U.S.C. §1981 and §1981(a)*

Defendants adopt by reference and incorporate in this cause of action the responses to paragraphs 1-31 of this Complaint as if the same was fully set forth herein.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

Defendants deny Plaintiff is entitled to any relief.

### VIII.
### THIRD FEDERAL CAUSE OF ACTION
*Retaliation, Hostile Work Environment*

Defendants adopt by reference and incorporate in this cause of action the responses to paragraphs 1-34 of this Complaint as if the same was fully set forth therein.

35. Defendants deny the allegations of paragraph 35. of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

Defendants deny Plaintiff is entitled to any relief.

## IX.
## FOURTH FEDERAL CAUSE OF ACTION
*Employment Discrimination: Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq..*

Defendants adopt by reference and incorporate in this cause of action the responses to paragraphs 1-31 of this Complaint as if the same was fully set forth therein.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

Defendants deny that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Defendants deny each allegation not specifically admitted herein and demand strict proof of same.

2. Defendants aver that the Complaint and each count fail to state a cause of action entitling Plaintiff to relief.

3. Defendants deny Plaintiff has been wronged and deny Plaintiff is entitled to any relief.

4. Defendants aver Plaintiff did not suffer an illegal adverse employment action.

5. Defendants aver Plaintiff did not engage in protected activity.

6. Defendants aver this Court lacks subject matter jurisdiction.

7. Defendants aver Plaintiff did not timely file a Charge of Discrimination.

8. Defendants aver Plaintiff has not met the preconditions for maintenance of a discrimination suit.

9. Defendants aver this suit is not timely filed.

10. Defendants aver all Plaintiff's claims, as alleged in her Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

11. Defendants aver Plaintiff cannot pursue the claims raised in her original Charge of Discrimination because Plaintiff has not received a Right to Sue Letter.

12. Defendants aver Plaintiff cannot pursue any claim that is not "like or related" to the claims raised in either Charge of Discrimination which is the statutory predicate for those claims.

13. Defendants affirmatively plead that the Plaintiff's claims are barred in that Plaintiff failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

14. Defendants plead estoppel and/or laches and/or waiver.

15. Defendants deny Plaintiff has suffered any injury or damage but further aver Plaintiff's own actions or inactions caused or contributed to any alleged injury or damage hence Plaintiff is barred from recovery.

16. Defendants aver all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

17. Defendants aver all employment decisions were made on a legitimate, non-retaliatory and permissible basis.

18. Defendants aver all employment decisions were based on a reasonable and rational basis.

19. Defendants deny the existence of any custom or policy that allegedly resulted in the violation of Plaintiff's rights.

20. Defendants plead immunity.

21. Defendants deny they discriminated against the Plaintiff. However, if the fact finder reaches a contrary conclusion, the Plaintiff cannot establish that she was damaged or injured by any action of any Defendant since the same decisions would have been made absent any impermissible consideration.

22. Defendants aver Plaintiff failed to mitigate her alleged damages.

23. Defendants aver Plaintiff lacks standing to prosecute this action.

24. Defendants plead the statute of limitations.

25. Defendant City of Auburn avers it is immune from punitive damages.

26. The individual Defendant avers he cannot be personally liable under a Title VII suit.

27. Defendants aver Plaintiff has not received a Right to Sue Letter on her promotion claim thus said suit is prematurely filed.

28. Defendants plead the statutory cap applicable to any claim for damages.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
ELIZABETH BRANNEN CARTER [3272-C-38E]
Attorneys for Defendants

**OF COUNSEL**:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
334-834-7600- Telephone
334-263-5969 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Sandra H. Lewis, Esq.
The Law Office of Sandra Lewis, P.C.
P.O. Box 686
Montgomery, Alabama 36101

Karen Mastin Laneaux, Esq.
A. Wesley Pitters, P.C.
1145 South Perry Street
P.O. Box 1973
Montgomery, Alabama 36102

/s/ *Randall Morgan*
OF COUNSEL