IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDRIETTE ROWELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   NO.: 3:07-CV-475-WHA |
| | ) |
| CITY OF AUBURN, ALABAMA, | ) |
| a municipal corporation, | ) |
| | ) |
|    Defendants. | ) |

## PLAINTIFF'S MOTION TO COMPEL

Comes now the Plaintiff, Andriette Rowell, and moves the Court to enter an order compelling the Defendant, City of Auburn, Alabama, to produce the documents described herein requested in Plaintiff's First Request for Production of Documents to Defendant. In support of this Motion, Plaintiff avers as follows:

1. Movant certifies that he has in good faith conferred with Defendant's attorney in an effort to obtain the discovery identified herein without court action. Those efforts have resulted in a narrowing of the areas in dispute, but the parties have not been able to agree as to the items identified herein.

2. On or about April 18, 2008 Plaintiff served Plaintiff's First Request for Production of Documents to Defendant on Defendant's counsel. A copy of the Request is attached hereto as Exhibit A.

3. On or about May 19, 2008 Defendant served Defendant's Response to Plaintiff's First Request for Production of Documents. A copy of said Response is attached hereto as Exhibit B.

4. After counsel have conferred with each other, the parties have not been able to resolve the following objections.

5. Defendant has objected to, and continues to insist on its objections, to request numbers 13, 14, and the portion of the request in paragraph 15 that relates to the personnel file and all departmental files of Tyrone White.

6. This is a race/sex failure to promote case. The Plaintiff avers that she was passed over for a promotion to the position of Administrative Assistant/Court Clerk and the position was given to a white male who was much less qualified than her, and did not even meet the minimum qualifications for the position as posted. One of the reasons given by Judge Bailey, the person who made the selection, for not choosing the Plaintiff is an investigation on Tyrone White that was either on-going or had recently been concluded. It is Plaintiff's position that that explanation is simply a pretext, and the investigation had nothing to do with the Plaintiff and did not and could not have served as any concern for Judge Bailey. The documents requested in requests 13, 14, and 15 all concern Tyrone White and the Tyrone White investigation and the requests are not overly broad, do not seek privileged information, and the documents are discoverable because they may cast doubt on Judge Bailey's explanation that one of the reasons Ms. Rowell was not promoted was related in some way to this investigation. The documents will show the scope of the investigation, the extent of Judge Bailey's involvement and knowledge of the investigation, and may even contain interviews of Judge Bailey that may be completely inconsistent with the position that he is taking in this litigation. The documents certainly may lead to other discoverable information. Plaintiff should not be restricted in her attempts to prove pretext.

7. Plaintiff's counsel will be out of the state on vacation from the afternoon of June 20

through June 29 and will return to the office on June 30. It is requested that if a hearing is scheduled on this motion, the hearing not be scheduled during that time period.

*Gerald L. Miller*
Gerald L. Miller
Attorney for Plaintiff

**OF COUNSEL:**

REDDEN, MILLS & CLARK
505 North 20th Street
940 Financial Center
Birmingham, AL 35203
(205) 322-0457

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Randall Morgan, Esq.
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116

*Gerald L. Miller*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDRIETTE ROWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.: 3:07-CV-475-WHA |
| ) | |
| CITY OF AUBURN, ALABAMA, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Comes now the Plaintiff, Andriette Rowell, and requests the Defendant to permit the Plaintiff to inspect and copy the following documents in accordance with the Federal Rules of Civil Procedure:

1. Documents reflecting the wages and fringe benefits earned or received by Brad Bass from September 1, 2005 through the present.

2. Documents reflecting the pay history of Katie Cox.

3. All evaluations and appraisals of the performance of Brad Bass from September 1, 2005 through the present.

4. Documents reflecting the dates and amount of annual leave and vacation taken by Brad Bass from the beginning of his employment with Defendant through the present.

5. Documents reflecting the dates and amount of annual leave and vacation taken by Andriette Rowell from the beginning of her employment with Defendant through the

-1-



EXHIBIT A

present.

6. All documents leading to the establishment of the position of Assistant Administrator/Court Clerk (the position Plaintiff applied for in the Summer of 2005, which is the subject of this suit).

7. All applications and other documents relating to the applications, interviews, consideration of applicants, and selection for the position of Assistant Administrator/Court Clerk in July and August of 2005.

8. All notes taken by Judge Joe Bailey or anyone else during the interviews of any applicants for the position of Assistant Administrator/Court Clerk in July and August 2005.

9. All drafts and earlier versions of the Class Specification for the position of Assistant Administrator/Court Clerk, class code number 1130, effective date July 22, 2005.

10. All Job Classification and Compensation Plan reports submitted by Condrey and Associates, Inc. to Defendant during the period from 2003 to 2006.

11. The City of Auburn Employee Handbook, as it existed from January 2000 through December 31, 2005.

12. The City of Auburn Personnel Policies as they existed from January 1, 2005 through December 31, 2005.

13. All documents concerning the investigation discussed by Judge Joe Bailey with the Plaintiff during her interview with Judge Bailey in August, 2005.

14. All reports generated during or at the conclusion of the investigation referred to in the preceding paragraph.

15. The personnel files and all departmental files of Sallie Heard and Tyrone White.

16. All documents relating to any complaints against the Plaintiff or any investigations of the Plaintiff.

17. Any and all written policies signed by the Plaintiff.

18. Any and all documents relating to any complaints or dissatisfaction concerning Plaintiff's job performance.

19. Each and every document that you intend to introduce at the trial of this case.

20. All notes, memoranda, and other documents of any sort or type created during the process of reaching the decision of selecting the individual to fill the position of Assistant Administrator/Court Clerk in the Summer of 2005.

21. Documents reflecting the pay range or pay scale for the position of Assistant Administrator/Court Clerk and all fringe benefits for that position during the period from the Summer of 2005 through the present.

22. Each and every document that you contend supports or relates to any alleged legitimate, non-discriminatory reasons for failing to promote Plaintiff to the position of Assistant Administrator/Court Clerk.

23. Any and all written policies you contend the Plaintiff violated that played any

part or role in failing to promote her to the position of Assistant Administrator/Court Clerk.

24. Any and all documents reviewed or considered by Judge Joe Bailey in reaching the decision as to who to hire or recommend for the position of Assistant Administrator/Court Clerk in the Summer of 2005.

25. Any and all documents reviewed or considered by Steve Reeves in reaching the decision as to who to hire or recommend for the position of Assistant Administrator/Court Clerk in the Summer of 2005.

26. All e-mails, correspondence, and other communications of any sort or type between Judge Joe Bailey and Steve Reeves concerning the creation of the position of Assistant Administrator/Court Clerk.

27. Any and all correspondence, e-mails, and other communications of any sort or type between Judge Joe Bailey and Steve Reeves concerning the selection process, interviews, criteria, or selection of the person to fill the position of Assistant Administrator/Court Clerk in the Summer of 2005.

28. Any and all documents obtained by the Defendant in response to subpoenas issued by the Defendant during the course of this case.

29. All e-mails, correspondence, and other communications of any sort or type concerning the creation of the position of Assistant Administrator/Court Clerk.

30. Any and all correspondence, e-mails, and other communications of any sort or type concerning the selection process, interviews, criteria, or selection of the person to fill

the position of Assistant Administrator/Court Clerk in the Summer of 2005.

Dated this 17th day of April, 2008.

/s/Gerald L. Miller
GERALD L. MILLER (MIL039)
Attorney for Plaintiff
Andriette Rowell

**OF COUNSEL:**
**REDDEN, MILLS & CLARK, LLP**
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Randall Morgan, Esq.
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116

Elizabeth B. Carter
Randall Morgan, Esq.
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116

/s/Gerald L. Miller
Of Counsel

## Discovery Documents
3:07-cv-00475-WHA-SRW Rowell v. City of Auburn, Alabama et al

### U.S. District Court

### Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered by Miller, Gerald on 4/17/2008 at 4:25 PM CDT and filed on 4/17/2008

**Case Name:** Rowell v. City of Auburn, Alabama et al
**Case Number:** 3:07-cv-475
**Filer:** Andriette Rowell
**Document Number:** 28

**Docket Text:**
**REQUEST for Production of Documents by Andriette Rowell.(Miller, Gerald)**

**3:07-cv-475 Notice has been electronically mailed to:**

Elizabeth Brannen Carter    ecarter@hillhillcarter.com, kcoleman@hillhillcarter.com

Gerald Lee Miller    glm@rmclaw.com, melissa@rmclaw.com

Randall C. Morgan    rmorgan@hillhillcarter.com, pferrara@hillhillcarter.com

**3:07-cv-475 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=4/17/2008] [FileNumber=922887-0]
[8cd63b5a505141ff0774f22bd916a9d2ec3dbe0e899bb1dd31326428c13a87a56976
234888043d446980a389ab5970480e9804432eb7d6605c18a7af60942717]]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDELE DISTRICT OF ALABAMA
EASTER DIVISION

| | |
|---|---|
| ANDRIETTE ROWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO.: 3:07-CV-475-WHA |
| | ) |
| CITY OF AUBURN, ALABAMA, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant City of Auburn, Alabama and herewith responds as follows to Plaintiff's First Set Request for Production of Documents:

**GENERAL OBJECTIONS**

Defendant objects to each of Plaintiff's discovery requests to the extent that each is overly broad, vague, unduly burdensome, seeks information not designed nor reasonably calculated to the discovery of relevant evidence; and, purport to request information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

Defendant further objects to each discovery request to the extent each seeks documents or things which constitute confidential, proprietary information, or to which Defendant has a duty or obligation of confidentiality with respect to persons or entities not parties to this litigation. This objection is made specifically, but without limitation, with respect to any request which entails disclosure of the identities or other confidential

1

**EXHIBIT B**

information of persons not parties to this litigation, whose privacy rights would be violated by such disclosure.

## SPECIFIC RESPONSES

1. Documents reflecting the wages and fringe benefits earned or received by Brad Bass from September 1, 2005 through the present.

Response: The Defendant will make these documents available for review at a mutually agreed upon time and place.

(2.) Documents reflecting the pay history of Katie Cox.

Response: The Defendant objects to this request as overly broad, unduly burdensome, requests personal, confidential and private information about a non-party, privileged, not subject to discovery, and not designed nor reasonably calculated to lead to the discovery of relevant evidence.

3. All evaluations and appraisals of the performance of Brad Bass from September 1, 2005 through the present.

Response: The Defendant will make these records available for review at a mutually agreed upon time and place.

4. Documents reflecting the dates and amount of annual leave and vacation taken by Brad Bass from the beginning of his employment with Defendant through the present.

Response: The Defendant objects to this request as overly broad, onerous, unduly burdensome, not designed nor reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, Defendant will make available for review at

a mutually agreed upon time and place those records it has, if any, in its possession since 2000 and responsive to this request.

5. Documents reflecting the dates and amount of annual leave and vacation taken by Andriette from the beginning of her employment with Defendant through the present.

Response: The Defendant objects to this request as overly broad, onerous, unduly burdensome, not designed nor reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, the Defendant will make available for review at a mutually agreed upon time and place those records that it has, if any, in its possession since 2000 and responsive to this request.

6. All documents leading to the establishment of the position of Assistant Administrator/Court Clerk (the position Plaintiff applied for in the Summer of 2005, which is the subject of this suit).

Response: The Defendant objects as overly broad, privileged, not subject to discovery, and not designed nor reasonably calculated to lead to the discovery of relevant evidence; however, without waiving said objections, Defendant will make available for review at a mutually agreed upon time and place those documents it has responsive to this request.

7. All applications and other documents relating to the applications, interviews, consideration of applicants, and selection for the position of Assistant Administrator/Court Clerk in July and August of 2005.

Response: The Defendant will make these records available for review at a mutually agreed upon time and place with appropriate identifying information redacted.

8. All notes taken by Judge Joe Bailey or anyone else during the interviews of any applicants for the position of Assistant Administrator/Court Clerk in July and August 2005.

Response: Based on information and belief, none – Defendant is in possession of no such documents.

9. All drafts and earlier version of the Class Specification for the position of Assistant Administrator/Court Clerk, class code number 1130, effective date July 22, 2005.

Response: Defendant will make available for review at a mutually agreed upon time and place those documents it has responsive to this request.

(10) All Job Classification and Compensation Plan reports submitted by Condrey and Associates, Inc. to the Defendant during the period from 2003 to 2006.

Response: The Defendant objects to this request as overly broad, ambiguous and burdensome, unlimited in scope, not particularized, not limited to a particular job or group of jobs, proprietary, and not designed nor reasonably calculated to lead to the discovery of relevant evidence.

11. The City of Auburn Employee Handbook, as it existed from January 2000 through December 31, 2005.

Response: The Defendant will make available for review at a mutually agreed upon time and place.

12. The City of Auburn Personnel Policies as they existed from January 1, 2005 through December 31, 2005.

4

Response: The Defendant will make available for review at a mutually agreed upon time and place.

13. All documents concerning the investigation discussed by Judge Joe Bailey with the Plaintiff during her interview with Judge Bailey in August, 2005.

Response: The Defendant objects to this request as overly broad and seeks information which is privileged, not subject to discovery; but, without waiving said objections, any such documents, if any, in possession of Judge Bailey or Human Resources will be made available.

14. All reports generated during or at the conclusion of the investigation referred to in the preceding paragraph.

Response: The Defendant objects to this request as overly broad and seeks information which is privileged, not subject to discovery; but, without waiving said objections, any such documents, if any, in possession of Judge Bailey or Human Resources will be made available.

15. The personnel file and all departmental files of Sallie Heard and Tyrone White.

Response: The Defendant objects to this request as overly broad, unduly burdensome, requests personal, confidential and private information about a non-party, privileged, not subject to discovery, and not designed nor reasonably calculated to lead to the discovery of relevant evidence.

16. All documents relating to any complaints against the Plaintiff or any investigations of the Plaintiff.

Response: The Defendant will make available Plaintiff's personnel file.

17. Any and all written policies signed by the Plaintiff.

Response: The Defendant will make available Plaintiff's personnel file.

18. Any and all documents relating to any complaints or dissatisfaction concerning the Plaintiff's job performance.

Response: The Defendant will make available Plaintiff's personnel file.

19. Each and every document you intend to introduce at the trial of this case.

Response: A list will be disclosed in accord with the Court's Scheduling Order.

20. All notes, memoranda, and other documents of any sort or type created during the process of reaching the decision of selecting the individual to fill the position of Assistant Administrator/Court Clerk in the Summer of 2005.

Response: Any documents responsive to this request will be made available.

21. Documents reflecting the pay range or pay scale for the position of Assistant Administrator/Court Clerk and all fringe benefits for that position during the period from the Summer of 2005 through the present.

Response: Any documents responsive to this request will be made available.

22. Each and every document that you contend supports or relates to any alleged legitimate, non-discriminatory reasons for failing to promote Plaintiff to the position of Assistant Administrator/Court Clerk.

Response: Defendant objects to this request as to form, overly broad and requesting legal opinions and/or legal conclusion; however, without waiving said objections, any such documents will be made available for inspection.

23. Any and all written policies you contend the Plaintiff violated that played any part or role in failing to promote her to the position of Assistant Administrator/Court Clerk.

Response: Defendant objects to this request as to form, overly broad and requesting legal opinions and/or legal conclusion; however, without waiving said objections, any such documents will be made available for inspection.

24. Any and all documents reviewed or considered by Judge Joe Bailey in reaching the decision as to who to hire or recommend for the position of Assistant Administrator/Court Clerk.

Response: The Defendant will make available for review at a mutually agreed upon time and place.

25. Any and all documents reviewed or considered by Steve Reeves in reaching the decision as to who to hire or recommend for the position of Assistant Administrator/Court Clerk in the Summer of 2005.

Response: Steve Reeves did not make the decision.

26. All e-mails, correspondence, and other communications of any sort or type between Judge Bailey and Steve Reeves concerning the creation of the position of Assistant Administrator/Court Clerk.

Response: Defendant objects to the extent, if any, this request seeks documents which are privileged, and not subject to discovery, taken and/or prepared in anticipation of litigation, work product, and protected by the attorney-client privilege; without waiving said objections, Defendant will make available for review at a mutually agreeable time and place any non-privileged documents responsive to this request.

27. Any and all correspondence, e-mails, and other communications of any sort or type between Judge Joe Bailey and Steve Reeves concerning the selection process, interviews, criteria, or selection of the person to fill the position of Assistant Administrator/Court Clerk in the Summer of 2005.

Response: Defendant objects to the extent, if any, this request seeks documents which are privileged, and not subject to discovery, taken and/or prepared in anticipation of litigation, work product, and protected by the attorney-client privilege; without waiving said objections, Defendant will make available for review at a mutually agreeable time and place any non-privileged documents responsive to this request.

28. Any and all documents obtained by the Defendant in response to subpoenas issued by the Defendant during the course of this case.

Response: Will be provided.

29. All e-mails, correspondence, and other communications of any sort or type concerning the creation of the position of Assistant Administrator/Court Clerk.

Response: The Defendant objects to this request to the extent it seeks documents which are privileged and not subject to discovery, taken and/or prepared in anticipation of litigation, work product and protected by the attorney/client privilege; without waiving these objections, see Defendant's responses to requests 6, 26 and 27.

30. Any and all correspondence, emails, and other communications of any sort or type concerning the selection process, interview, criteria, or selection of the person to fill the position of Assistant Administrator/Court Clerk in the Summer of 2005.

Response: The Defendant objects to this request to the extent it seeks documents which are privileged and not subject to discovery, taken and/or prepared in anticipation of

8

litigation, work product and protected by the attorney/client privilege; without waiving these objections, see Defendant's responses to requests 6, 26, 27 and 29.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
ELIZABETH BRANNEN CARTER [3272-C-38E]
Attorneys for Defendant

**OF COUNSEL**:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
334-834-7600- Telephone
334-263-5969 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been duly served upon the following via E-Mail this the 19th day of May, 2008:

Gerald L. Miller, Esq.
Redden, Mills & Clark, LLP
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203

/s/ *Randall Morgan*
OF COUNSEL