IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRIETTE ROWELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO. 3:07-CV-475-WHA |
| vs. | * | |
| | * | |
| CITY OF AUBURN, ALABAMA, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Comes Now Defendant in the above-styled cause and pursuant to this Court's Order dated June 19, 2008, responds to Plaintiff's Motion to Compel as follows:

1.      Defendants maintain that all discovery issues have been resolved except for whether the personnel file of non-party Tyrone White should be produced. Defendants agreed to produce any investigative files maintained and/or in the possession of Judge Bailey or the Human Resources Department, but no such documents existed. To the extent the requests seek the Auburn City Police Department investigation files of criminal matters involving Tyrone White, Defendants maintain an objection to the disclosure of any such files based on the fact that said information is highly confidential and not relevant to the issues in this case. To the extent that such is deemed relevant, certainly any probative value of said documents is greatly outweighed by the substantial prejudice such disclosure would cause to the City of Auburn. *Federal Rules of Evidence 401, 402 and 403.*[1]

---

[1] Request for Production 15 seeks the personnel file of Sally Heard and Tyrone White. Defendant produced the personnel file of Sally Heard pursuant to a Confidentiality Agreement.

1

2.  Tyrone White ("White") was a police officer who was charged and ultimately convicted of conspiracy, extortion, intimidating a witness and altering a government record. Auburn Police Department's investigation into the charges against White were ongoing at the time that names were being submitted for the subject promotion. Judge Bailey stated that a question was raised in Rowell's possible involvement with White's actions during the White investigation.

3.  Judge Bailey never conducted an investigation nor participated in the police department investigation of White. Judge Bailey never reviewed the written investigative materials regarding White. Neither Judge Bailey nor the Human Resources Department of the City of Auburn have access to the police department's investigative file into the White matter.[2]

4.  The criminal investigation file or report of White is not an issue in the present case insomuch as it does not speak to the truth of whether Judge Bailey was informed that Rowell's name surfaced during the investigation of White's criminal activity. The same is certainly true of White's personnel file. Therefore, the personnel file nor the police department criminal investigation file would serve any probative value to establishing pretext for Rowell. Therefore, there is no justifiable reason in forcing the City of Auburn to disclose what is unquestionably confidential information related to non-party criminal activity. Such would be highly prejudicial to the City of Auburn.

---

These matters are the subject of Requests for Production 13, 14 and a portion of 15.

[2] Judge Bailey provide files to the police department when said information was requested because he was the custodian of certain records needed.

5. Even if the investigative file did not disclose that Rowell's name surfaced during the White investigation, such would not establish whether Judge Bailey was told that Rowell had some possible involvement in the White matter. That is, it is not whether Judge Bailey was correct in believing Rowell had possible involvement in the White matter, but rather whether he in good faith believed there was an issue. The evidence is undisputed that he was informed such was the case. See *Thomas v. Alabama Council on Human Relations, Inc.,* 248 F.Supp.2d 1105 (M.D. Ala. 2003); *Cooper v. Diversicare Mgmt. Servs. Co.,* 115 F.Supp.2d 1311 (M.D. 1999).

6. It is simply not true that the documents requested would demonstrate the scope of Judge Bailey's involvement and knowledge of the criminal investigation. Again, Judge Bailey received this information through a conversation with a police officer who was involved in the investigation. Judge Bailey never conducted an investigation of White.

7. The evidence requested is highly confidential and could not serve a probative value to the critical issues in this case. The prejudice to the Defendants far outweighs any potential probative value, because the City has an overwhelming interest in protecting the confidentiality of its criminal investigations. Courts in this circuit recognize the law enforcement privilege which exists "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." See *Hickey v. Columbus Consolidated Government*, 2008 WL 450561 (M.D. Ga.)(citations omitted).

**Wherefore premises considered**, Defendants request that Plaintiffs Motion To Compel be denied.

Respectfully submitted this the 7th day of July 2008.


/S/ *Elizabeth Brannen Carter*
ELIZABETH BRANNEN CARTER (3272-C-38-E)
RANDALL MORGAN (MOR037)
Attorneys for Defendant


OF COUNSEL:

Hill, Hill, Carter, Franco
   Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama  36101-0116
(334) 834-7600
(334) 263-5969


## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Gerald L. Miller, Esq.
Redden, Mills & Clark, LLP
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203


   /s/   *Elizabeth Brannen Carter*
OF COUNSEL

4